IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| EDWARD VAN BUREN and VICKI VAN BUREN, : : : Plaintiffs, : : vs. : : THE BANK OF NEW YORK MELLON, : : : Defendant. : | CIVIL ACTION NO. 1:12-CV-1837-CC |

**ORDER**

Pending in the above-styled action are the Motion to Dismiss Plaintiffs' Complaint by Defendant The Bank of New York Mellon [Doc. No. 3] (the "Motion to Dismiss") and Plaintiffs' "Secondary Motion for Enlargement of Time to Respond to the Defendant's Motion to Dismiss Plaintiff's [sic] Complaint" [Doc. No. 7] (the "Second Motion for Extension of Time"). The record reflects that the Court gave Plaintiffs Edward Van Buren and Vicki Van Buren ("Plaintiffs") one extension of time through and including June 25, 2012, to respond to the Motion to Dismiss. Plaintiffs did not respond to the Motion to Dismiss by that date and waited until July 10, 2012, to file the Second Motion for Extension of Time. In the Second Motion for Extension of Time, Plaintiffs have not established good cause for an extension of time and have not satisfied the Court that their failure to respond to the Motion to Dismiss within the time ordered by the Court is due to excusable neglect. See Fed. R. Civ. P. 6(b)(1)(B). Accordingly, the Second Motion for Extension of Time is due to be denied, and the Court deems the Motion to Dismiss unopposed. See LR 7.1B, NDGa ("Failure to file a response shall indicate that there is no opposition to the motion.").

After carefully reviewing the record in this case, which includes as exhibits

Plaintiffs' pleadings in other cases previously pending in this Court,[1] the Court concludes that Plaintiffs' Complaint is due to be dismissed for insufficient service and for failure to state a claim.  Further, because it does not appear that Plaintiffs' Complaint might state a claim, even if more carefully drafted, the Complaint is due to be dismissed with prejudice.  See Jemison v. Mitchell, 380 F. App'x 904, 907 (11th Cir. 2010) ("Dismissal with prejudice is proper ... if a more carefully drafted complaint could not state a valid claim.").  Therefore, for the reasons stated in the Motion to Dismiss and the accompanying brief, the Motion to Dismiss is due to be granted.

Based on the foregoing, the Court hereby **GRANTS** the Motion to Dismiss Plaintiffs' Complaint by Defendant The Bank of New York Mellon [Doc. No. 3] and **DENIES** Plaintiffs' "Secondary Motion for Enlargement of Time to Respond to the Defendant's Motion to Dismiss Plaintiff's [sic] Complaint" [Doc. No. 7].

SO ORDERED this 25th day of July, 2012.


s/  CLARENCE COOPER

CLARENCE COOPER
SENIOR UNITED STATES DISTRICT JUDGE

---

[1] The Bank of New York Mellon v. Edward Van Buren, Vicki Van Buren, No. 1:10-CV-1470-CC; Van Buren, et al. v. Bank of New York Mellon, No. 1:11-CV-1185-CC; Van Buren, et al. v. Bank of New York Mellon, No. 1:11-CV-4591-CC.